No. 2871

Second Circuit

RICHARDSON, TUTOR, v. GRAND COUNCIL OF THE UNION HOME PROTECTION SOCIETY OF LA.

(March 24, 1930. Opinion and Decree.)

Stewart & Stewart, of Minden, attorneys for plaintiff, appellee.

R. F. Langston, of Minden, attorney for defendant, appellant.

ODOM, J. Katie Morris was a member of a benefit or insurance society known as the General Council of the Union Home Protective Society, and as such held a certificate or policy of insurance in the said society providing that at her death, if she died more than twelve months after the issuance of said certificate or policy, she should receive or that there should be paid to the beneficiaries named therein the sum of $250. She died while in good standing and more than twelve months after the policy was issued. The beneficiary named in the policy found in the transcript is Floretta Richardson, who, as shown by the testimony, was a granddaughter of the deceased. After the death of the said Katie Morris, Robert Richardson, the father of the said minor named as beneficiary, qualified as her tutor and there were issued to him letters of tutorship, according to law. Richardson, the tutor, made demand upon the defendant insurance so-

ciety for the payment to him, as tutor, of the amount stipulated in the policy, after proofs of death had been submitted. The defendant society refused to pay the amount and this suit followed.

The defendant society was represented by counsel in the lower court, and, while the minutes recite that issue was joined by answer filed, we do not find the answer in the record and therefore do not know what specific defense was urged. However, from the testimony which is in the record, it appears that the officers of the insurance society refused to pay the amount to Richardson, the father of the beneficiary named, for the reason that the policy provided that the amount should be paid to "Larrah Vanarsby as tutor for Floretta Richardson."

The officers of the society all testified that Katie Morris, the member, was in good standing when she died and that the money to pay the beneficiary had been collected and that a check for the amount had been drawn and forwarded to the General Secretary for his approval and signature; and that when this check was received by the General Secretary, he refused to pay it for the reason that it was not made payable to the proper party. There seems to be no contention that Larrah Vanarsby was the beneficiary under the policy, the contention being that the proceeds of the policy should be paid to her because she was named as tutor for the beneficiary. This, we think, is no valid defense. The deceased had no right to appoint a tutor for her minor grandchild whose father was then living. When the father qualified as tutor, he was fully authorized under the law to represent the minor in all matters pertaining to its property and rights, and was entitled to collect whatever was due her. Larrah Vanarsby was living in the community at the time this suit was tried and was called as a witness. So far as the record discloses, she has made no effort to have herself recognized as the proper person to receive the benefits under this certificate.

As already stated, it is not disputed, but acknowledged, that the society owes the amount to the beneficiary named therein. The District Court granted judgment in favor of plaintiff as prayed for, and defendant appealed. However, since the appeal was lodged here, defendant has made no appearance in this court through counsel or otherwise to point out the error of which it complains. We think the judgment appealed from is amply supported by the law and the evidence, and it is accordingly affirmed, with costs in both courts.